IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEAN-MARC EICHNER and BRANDON LOYD and JEAN-MARC EICHNER and BRANDON LOYD, Individually,<br><br>　　　Relators,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br><br>　　　Defendants. | Civil Action No. 4:19-cv-00524-ALM<br><br>JURY TRIAL DEMANDED |

**RELATORS' SUR-REPLY IN OPPOSITION TO OCWEN FINANCIAL CORPORATION'S AND OCWEN LOAN SERVICING, LLC'S MOTION TO <u>COMPEL RELATORS TO RESPOND TO INTERROGATORIES 2, 3, & 4</u>**

I.      INTRODUCTION

Despite futile attempts to recast Interrogatory Nos. 2–4 as seeking only factual information and their unfounded claim that Relators have "admit[ted]" that the information sought by Interrogatory No. 2 is "not privileged" and "discoverable" (Dkt. 103 at 1), Defendants Ocwen Loan Servicing, LLC and Ocwen Financial Corporation (collectively "Ocwen") cannot deny their interrogatories' reach for privileged information drawn from Relators' disclosure statements and communications with the government and government investigators. Interrogatory 2 even seeks Relators' work product through which to discern the documents Relators selected for inclusion in the disclosure statements and why. Interrogatory Nos. 3 and 4 seek substantive information regarding Relators' pre-suit government communications, which are protected by the common interest doctrine. Because Ocwen fails to show that it has substantial need for or that it lacks the ability to obtain the information through other means without undue hardship, the Court should deny the motion to compel and simply order the parties to exchange privilege logs within 30 days.

II.     ARGUMENTS AND AUTHORITIES

### A. Interrogatory 2 Seeks Protected Information, Not Merely Factual Information Regarding Relators' Documents.

While Ocwen now contends that it "has the right to discover when each document was provided to the government," that was **not** the information sought by Interrogatory No. 2. *See* Dkt. 103 at 2. Interrogatory No. 2 explicitly seeks the identification of documents "provided to the United States *as part of [Relators'] disclosures under 31 U.S.C. § 3730(b)(2).*" Dkt. 99-1, Ex. A at 5 (emphasis added). It therefore seeks the identification of the precise documents that Relators' counsel selected for inclusion in the disclosure statements. This information is protected from discovery by the work product doctrine as *at least* ordinary work product, if not opinion work product. Dkt. 101 at 6–8. Because Interrogatory No. 2 seeks the disclosure of which documents

1

Relators selected for use in their § 3730(b)(2) disclosure statements, it does **not** merely seek basic factual information about when Relators disclosed documents to the government. Insight into counsel's strategic considerations is not the proper subject of factual discovery.

However, when Defendants properly requested non-privileged factual information about Relators' documents in their interrogatories, such as which "Ocwen Documents" Relators had in their possession after leaving Ocwen, Relators provided it. *See* Dkt. 101 at 12. In addition, Relators have already disclosed the dates that Relators provided their disclosures to the government, produced all documents underlying their disclosures, and identified the material witnesses that Relators disclosed to the government. *See* Dkt. 101 at 2–4. Relators have repeatedly proposed that the parties exchange privilege logs on a mutually agreed date (or as ordered by the Court), which will provide Ocwen further information on the timing of Relators' disclosures to the government. In fact, Ocwen's own documents show that Relators have already provided Ocwen with the **same** factual information that the relators in *Fisher* and *Homeward* disclosed to Ocwen—a fact that Ocwen now pointedly ignores. *See id.* at 9. Thus, it is not that Relators seek to have the Court impose "a lower standard for disclosing evidence" here (Dkt. 103 at 3). Rather, it is that Ocwen seeks the Court to *increase* that standard to require disclosure of Relators' protected work product.

Ocwen does not dispute that the *Fisher* and *Homeward* relators were not required to answer an interrogatory in the form of Interrogatory No. 2, or that those relators identified *which* documents were selected for inclusion in *which* disclosure statements. Instead, Ocwen contorts a portion of Relators' argument in an attempt to show that Relators have admitted that the information sought by Interrogatory No. 2 is "not privileged" and "discoverable." Dkt. 103 at 1. But Relators never made such concessions, and no reader could, in good faith, glean such an admission from their response. Relators argued that Ocwen cannot show a substantial need for the

information sought by Interrogatory No. 2 because it could obtain *non-privileged* information about the documents produced by Relators via other discovery methods[1] *without* asking Relators whether specific documents were referenced in Relators' disclosure statements under § 3730(b)(2). *See* Dkt. 101 at 12–13. Critically, Ocwen does not explain why it cannot seek discovery regarding "the timing elements of the original source exception" without reference to the § 3730(b)(2) disclosures using the information already disclosed by Relators. *See* Dkt. 103 at 3.

Ocwen also argues that Relators somehow waived any claim of privilege by "put[ting] that matter at issue." Dkt. 103 at 3. To the contrary, this Court rejected a similar argument made by the defendant in *JPMorgan* because "[i]t was actually Defendant who placed the disclosure statements 'at issue' by moving for summary judgment on the public-disclosure bar," and the relators "did not rely on the disclosure statements themselves to advance their original source-argument." *See* 2020 WL 3265060, at *9. Similarly, Relators have not placed their § 3730(b)(2) disclosure statements at issue and have not relied upon the inclusion of specific documents in the disclosure statements to support their original source argument. Instead, Relators argue that their knowledge and independent observations of violations—which they had *before* submitting the disclosure statements—qualifies them as original sources. Accepting Ocwen's waiver argument would discourage all FCA relators from providing detailed disclosure statements to the government, which is inconsistent with public policy. *See id.* at *9–10.

---

[1] The Court has repeatedly emphasized the availability of other discovery methods, including depositions, as an indication that defendants cannot show a substantial need for the discovery of disclosure statements. *See, e.g.*, *United States ex rel. Fisher v. Ocwen Loan Serv., LLC*, No. 4:12-CV-543, 2015 WL 4609742, at *4 (E.D. Tex. July 31, 2015) ("Ocwen has the opportunity to question Relators regarding the information contained within their allegations and their investigative efforts."); *see also United States ex rel. Fisher v. JPMorgan Chase Bank N.A.*, No. 4:16-CV-395, 2020 WL 3265060, at *7 n.2 (E.D. Tex. June 17, 2020) (noting that defendants still had time to obtain "more factual information about what Realtors informed the Government about prior to filing their complaints" through other discovery).

3

In essence, Ocwen's argument boils down to this: that without knowing which documents were cited in which of Relators' disclosure statements, Ocwen supposedly cannot adequately test whether Relators' voluntarily disclosed to the government the information on which their allegations are based before filing this lawsuit. While Ocwen claims that it "is not seeking this information to verify that Section 3730(b)(2)'s procedural requirements were satisfied" (Dkt. 103 at 1 n.1), it plainly seeks the information to explore an alleged potential procedural short comings with respect to § 3730(e)(4)(B). *See* Dkt. 99 at 3. As this Court held in *JPMorgan*, a "[d]efendant cannot rely on an uncertain legal argument regarding potential procedural short comings in order to demonstrate a substantial need." *See* 2020 WL 3265060, at *7 (quotations omitted).

### B. Interrogatory No. 3 Seeks Privileged Information Concerning Relators' Communications with the Government.

Defendants do not attempt to refute the authority cited by Relators demonstrating that the the substance of Relators' communications with the government, including a summary of Relators' disclosure statements, is protected from discovery by the common interest doctrine. *Compare* Dkt. 101 at 13–14, *with* Dkt. 103 at 4. Because Interrogatory No. 3 seeks that exact privileged information, Relators need only comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) and produce a privilege log. *See United States ex rel. Reddell v. DynCorp Int'l, LLC*, No. 1:14-CV-86, 2019 WL 12875494, at *2 (E.D. Tex. Sept. 17, 2019) (Crone, J.) (ordering the production of a privilege log for relator's privileged communications with the government); Dkt. 101-9 at 9 (same). Indeed, Ocwen now concedes that it "does not object to Relators providing their answers in the form of a detailed log." Dkt. 103 at 4. But, contrary to Ocwen's suggestion, Relators are not seeking to delay providing this information. Quite the opposite. Relators have consistently offered Ocwen to exchange a privilege log on an agreed date (and are willing to do so sooner than thirty days if Ocwen can do so as well). But because Defendants have refused to

4

identify such a date, Relators have requested that the Court set a deadline for the exchange of privilege log within 30 days of the Court's order resolving Ocwen's motion to compel.

### C. Interrogatory No. 4 Seeks Privileged Information Concerning Relators' Communications with Government Investigators.

Like Relators' communications with the government itself, Relators' communications with SIGTARP—a government investigator—are protected from discovery by the common interest doctrine. *See* Dkt. 101 at 14. Ocwen does not meaningfully refute this point. Instead, Ocwen argues that it "has a strong and substantial need for the information … for purposes of assessing materiality under *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016) and this Court's 'actual knowledge' standard." Dkt. 103 at 5. But Ocwen failed to make this argument in its opening brief with respect to Interrogatory No. 4 (*see* Dkt. 99 at 12–14) and thereby waived it. *See Sparrow v. EK Real Estate Servs., NY, LLC*, No. 4:22-CV-00046-SDJ-CAN, 2023 WL 3035359, at *10 n.6 (E.D. Tex. Feb. 9, 2023) ("[T]he Court need not consider this argument because arguments raised for the first time in a reply (or sur-reply) brief are waived."). Regardless, Relators' communications with SIGTARP relating to Ocwen would not necessarily show the government's "actual knowledge" of the fraud—at best, they would show that SIGTARP had awareness of Relators' *allegations* of fraud, which is insufficient to establish lack of materiality under *Escobar*. *See JPMorgan*, 2020 WL 3265060, at *8–9. Indeed, the Court rejected a defendant's argument that it had a substantial need for production of relators' disclosure statements in *JPMorgan* for this very reason. *See id.* (refusing to hold that "any dispute regarding materiality requires discovery of a relator's disclosure statement").

### III.  CONCLUSION

Relators respectfully request that the Court deny Ocwen's motion to compel responses to Interrogatory Nos. 2–4 and order the parties to produce privilege logs within 30 days.

5

Dated: July 27, 2023

Samuel L. Boyd
Texas Bar No. 02777500
Catherine C. Jobe
Texas Bar No. 10668280
**BOYD & ASSOCIATES**
6440 North Central Expressway, Ste. 600
Dallas, Texas 75206-4101
Tel: (214) 696-2300
Fax : (214) 363-6856
sboyd@boydfirm.com
cjobe@boydfirm.com

Roger D. Sanders
Texas Bar No. 17604700
**LAW OFFICES OF ROGER SANDERS**
111 South Travis Street
Sherman, Texas 75090
Tel: (903) 892-9133
Fax: (903) 892-4302
roger.sanders@somlaw.net

Respectfully submitted,

 */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone
Texas Bar No. 02855775
Daniel F. Olejko
Texas Bar No. 24108897
Mark M.R. Douglass
Texas Bar No. 24131184
**BRAGALONE OLEJKO SAAD** PC
901 Main St., Ste. 3800
Dallas, TX 75202
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bosfirm.com
dolejko@bosfirm.com
mdouglass@bosfirm.com

***Counsel for Relator/Qui Tam Relators***
***Jean-Marc Eichner and Brandon Loyd***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires in accordance with Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on July 27, 2023.

 */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone