IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEAN-MARC EICHNER and BRANDON LOYD,<br><br>　　Relators,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>　　Defendants. | Civil Action No. 4:19-cv-00524-ALM |

**TRUST DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RES JUDICATA GROUNDS FOR CLAIMS BASED ON CONDUCT THROUGH FEBRUARY 17, 2017**

## STATEMENT OF THE ISSUES TO BE DECIDED

1.  Should judgment be entered pursuant to Federal Rule of Civil Procedure 56 on claims for conduct through February 17, 2017, because such claims are barred by the res judicata effect of the final judgment in *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543 (E.D. Tex. May 19, 2017)?

**Answer: Yes.**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF UNDISPUTED MATERIAL FACTS .......................................................... 1

APPLICABLE LEGAL STANDARD ............................................................................................ 2

ARGUMENT ...................................................................................................................................... 2

    I.    There Is No Factual or Legal Dispute Over Plaintiff-Side Identity, the Finality of and Court Competency Behind the *Fisher* Judgment, or the Same Pre-February 18, 2017, Ocwen Conduct at Issue in Both Cases ................. 3

        a.    *Fisher* and This Action Share the United States as the Real Party in Interest ................................................................................................................. 3

        b.    The *Fisher* Dismissal Is a Final Judgment on the Merits Rendered by a Court of Competent Jurisdiction ......................................................... 4

        c.    The Claims in Both *Fisher* and the Current Action Arise from the Same Alleged Ocwen Misconduct Through February 17, 2017 ................ 4

    II.    Relators' Vicarious Liability Allegations Satisfy Defendant-Side Identity/Privity .................................................................................................................. 5

CONCLUSION ................................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arguello v. Conoco, Inc.*,
  207 F.3d 803 (5th Cir. 2000) ...................................................................................6

*Guardino v. Hart*,
  No. 22-20278, 2023 WL 3818378 (5th Cir. June 5, 2023) ........................................5

*Lubrizol Corp. v. Exxon Corp.*,
  871 F.2d 1279 (5th Cir. 1989) ...............................................................................5, 6

*McIntyre v. Ben E. Keith Co.*,
  754 F. App'x 262 (5th Cir. 2018) ..............................................................................4

*McLemore v. Jacobs*,
  No. 4:21-CV-485, 2022 WL 4230548 (E.D. Tex. Aug. 14, 2022) .............................6

*Oreck Direct, LLC v. Dyson, Inc.*,
  560 F.3d 398 (5th Cir. 2009) ....................................................................................2

*Oyekwe v. Rsch. Now Grp., Inc.*,
  No. 3:21-CV-2166, 2021 WL 5168269 (N.D. Tex. Oct. 21, 2021) ............................5

*Russell v. SunAmerica Securities, Inc.*,
  962 F.2d 1169 (5th Cir. 1992) ...............................................................................4, 5

*Sacks v. Texas S. Univ.*,
  83 F.4th 340 (5th Cir. 2023) .....................................................................................5

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ..............................................................................................3–4

*Test Masters Educ. Servs., Inc. v. Singh*,
  428 F.3d 559 (5th Cir. 2005) .................................................................................3, 4

*United States v. Eli Lilly & Co., Inc.*,
  4 F.4th 255 (5th Cir. 2021) .......................................................................................3

*United States v. Shanbaum*,
  10 F.3d 305 (5th Cir. 1994) ......................................................................................4

*United States ex rel. Jackson v. Univ. of N. Texas*,
  No. 4:13-CV-734, 2016 WL 369694 (E.D. Tex. Feb. 1, 2016) ..............................3, 5

*United States ex rel. Polansky v. Exec. Health Res., Inc.*,
   599 U.S. 419 (2023) ............................................................................................................. 3

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) ............................................................................................................. 3

*Matter of W. Tex. Mktg. Corp.*,
   12 F.3d 497 (5th Cir. 1994) ................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 56 ......................................................................................................................... 1

The Trust Defendants,[1] by and through their respective counsel, respectfully move pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment with respect to claims based on conduct through February 17, 2017.

## INTRODUCTION

In May 2017, this Court entered final judgment in *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543 (E.D. Tex. May 19, 2017) ("*Fisher*"), dismissing with prejudice a False Claims Act ("FCA") *qui tam* action against Ocwen Loan Servicing, LLC and Ocwen Financial Corporation (together, "Ocwen") based on alleged Ocwen servicing misconduct under the Home Affordable Modification Program ("HAMP") from April 16, 2009 through February 17, 2017. Now, in this action, *qui tam* relators Jean-Marc Eichner and Brandon Loyd ("Relators") assert that the Trusts are vicariously liable to the United States under the FCA for the same Ocwen conduct, during the same time period, that was dismissed with prejudice in *Fisher*. But in the Fifth Circuit, vicarious liability cannot be imposed after the claim giving rise to that liability has been dismissed with prejudice. Thus, Relators' claims against the Trust Defendants based on Ocwen conduct through February 17, 2017, are barred by res judicata.[2]

## STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF")

**SOF #1**: On May 19, 2017, this Court dismissed with prejudice as to the United States an FCA action alleging that Ocwen engaged in servicing misconduct between April 16, 2009, and February 17, 2017, resulting in false claims for HAMP incentive payments. *See* September 11,

---

[1] The "Trust Defendants" are U.S. Bank National Association, Deutsche Bank National Trust Company, Wells Fargo Bank, N.A., The Bank of New York Mellon Trust Company, N.A., and The Bank of New York Mellon, each acting solely in its capacity as trustee for certain Defendant Residential Mortgage Backed Securities Trusts listed in the Amended Complaint (the "Trusts").

[2] Relators' claims arising from alleged Ocwen conduct after February 17, 2017, are not at issue in this Motion. The Trust Defendants reserve the right to seek summary judgment in the future with respect to that later period and on other bases.

1

2024 Declaration of Jennifer M. Wollenberg ("Decl."), Ex. A (*Fisher* Dkt. 593); Settlement Agreement, Dkt. 48-2, at 2–3 (providing "Covered Conduct" definition incorporated in order).

**SOF #2**:  In the present FCA action, Relators' claims against the Trust Defendants arise solely under a theory of vicarious liability, alleging that the Trusts are liable – as Ocwen's alleged principals – for Ocwen's (the Trusts' supposed agent's) misconduct.  *See, e.g.*, Amended Complaint, Dkt. 114 ¶¶ 2, 5, 11, 14, 188, 214, 216; Joint Report of Rule 26(f) Planning Meeting, Dkt. 57, at 3; Relators' Motion for Leave to Amend, Dkt. 113, at 4.

**SOF #3**:  The pre-February 18, 2017, Ocwen conduct giving rise to the FCA claims in this action is the same conduct underlying the claims dismissed with prejudice in *Fisher*.  *Compare* Decl. Ex. B (*Fisher* Dkt. 126) *with* Amended Complaint, Dkt. 114; *see, e.g.*, Amended Complaint, Dkt. 114 ¶ 214; Relators' Opp. to Ocwen's Motion to Dismiss, Dkt. 54, at 15 ("the *Fisher* case resolved alleged fraud by Ocwen that occurred [through February 17, 2017]"); Joint 26(f) Report, Dkt. 57, at 3, 7; Decl. Ex. C (Relators' Initial Mandatory Disclosure (Apr. 14, 2023)), at 30.

## APPLICABLE LEGAL STANDARD

"Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  The res judicata effect of a prior judgment is a question of law[.]"  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quotations & citations omitted).

## ARGUMENT

Res judicata bars the re-litigation of claims that were raised, or could have been raised, in a prior suit.  *Oreck Direct, LLC*, 560 F.3d at 401.  In the Fifth Circuit, this preclusion doctrine applies where four elements are satisfied: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was

concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *see also United States ex rel. Jackson v. Univ. of N. Texas*, No. 4:13-CV-734, 2016 WL 369694, at *3 (E.D. Tex. Feb. 1, 2016) (Mazzant, J.), *aff'd*, 673 F. App'x 384 (5th Cir. 2016).

Relators have conceded the first half of the first element (that this case and *Fisher* both involve the United States as plaintiff) as well as the second, third, and fourth elements of res judicata, including by not bringing claims against Ocwen for conduct through February 17, 2017. Thus, the only potential element for this Court to resolve is the second half of the first element: identity of defendants in *Fisher* and this case. This presents a straightforward question of law as to whether, for res judicata purposes, the principal-agent relationship alleged by Relators provides the necessary privity/identity. Fifth Circuit precedent confirms it does.

### I. There Is No Factual or Legal Dispute Over Plaintiff-Side Identity, the Finality of and Court Competency Behind the *Fisher* Judgment, or the Same Pre-February 18, 2017, Ocwen Conduct at Issue in Both Cases

#### a. *Fisher* and This Action Share the United States as the Real Party in Interest

The FCA claims in both *Fisher* and this action "ultimately belong to the United States," which is "the 'real party in interest.'" *United States v. Eli Lilly & Co., Inc.*, 4 F.4th 255, 262 (5th Cir. 2021), *abrogated on other grounds by United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419 (2023); *see also Polansky*, 599 U.S. at 437 (2023) ("A *qui tam* suit, as we have explained, is on behalf of and in the name of the Government. The suit alleges injury to the Government alone."). In *Fisher*, this Court entered final judgment with prejudice as to the United States (*see* SOF #1, *supra*), which is the same party on whose behalf Relators bring the current claims. Relators are merely partial assignees of the United States' FCA claims, *Polansky*, 599 U.S. at 425 (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000)), and are barred by res judicata to the same extent as the United States. *Taylor v. Sturgell*,

3

553 U.S. 880, 894 (2008) (relationship between assignee and assignor merits application of res judicata); *see also Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) ("To satisfy the identity element, strict identity of parties is not necessary.").

### b. The *Fisher* Dismissal Is a Final Judgment on the Merits Rendered by a Court of Competent Jurisdiction

The dismissal with prejudice of *Fisher* also satisfies the second and third res judicata elements: that the prior action ended in a final judgment on the merits rendered by a court of competent jurisdiction. On May 19, 2017, this Court ordered dismissal with prejudice as to the United States with respect to the FCA claims in *Fisher*. *See* SOF #1, *supra*. Orders of dismissal with prejudice constitute final judgments on the merits for res judicata purposes. *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994); *United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir. 1994).

### c. The Claims in Both *Fisher* and the Current Action Arise from the Same Alleged Ocwen Misconduct Through February 17, 2017

Relators have not disputed that the claims in *Fisher* and the claims in this action through February 17, 2017, involve the same Ocwen conduct. Nor can they. *See* SOF #3, *supra*. Indeed, Relators admitted this point: Their motion to dismiss briefing argued that post-February 17, 2017, conduct was not covered by the *Fisher* judgment (*see* Dkts. 53, at 18–20; 54, at 33–34), and they repeatedly have acknowledged that they are not pursuing any claims in this action against Ocwen for earlier conduct because those claims were resolved by *Fisher* (*see* SOF #3, *supra*). The Fifth Circuit's "transactional test" extends a prior judgment's preclusive effects to the transaction or series of transactions "out of which the original action arose" by evaluating whether the actions are based in the "same nucleus of operative facts." *Test Masters Educ. Servs. Inc.*, 428 F.3d at 571; *see also, e.g.*, *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 265 (5th Cir. 2018) (precluding claim when facts alleged in the complaint were nearly identical to the complaint filed in the earlier

4

action); *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:21-CV-2166, 2021 WL 5168269, at *3 (N.D. Tex. Oct. 21, 2021) (barring claims under res judicata because the allegations in the amended complaint mirrored those in a prior action); *Jackson*, 2016 WL 369694, at *3 ("Relator's claims in the instant litigation were demonstrably premised on the same set of factual allegations as those asserted previously, and for that reason … Relator's claims arose out of the same nucleus of operative facts." (internal quotations omitted)). The only difference between Relators' claims for conduct through February 17, 2017, and the *Fisher* claims is the pursuit of the Trust Defendants, which is irrelevant for this res judicata element and is separately addressed in Section II below.[3]

## II. Relators' Vicarious Liability Allegations Satisfy Defendant-Side Identity/Privity

The remaining res judicata element requires a sufficient identity/privity between the defendants in *Fisher* and this case. Fifth Circuit precedent confirms that identity/privity. Relators are pursuing the Trusts solely on their alleged vicarious liability for the acts of their alleged agent Ocwen; there are no allegations that the Trusts are directly liable for FCA violations. *See* SOF #2, *supra*. "The vicarious liability relationship …, which forms the only asserted basis for [the alleged principal's] liability for the [] dispute, justifies claim preclusion." *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989). *See also Sacks v. Texas S. Univ.*, 83 F.4th 340, 346 (5th Cir. 2023) ("Privity[] is recognized as a broad concept [for res judicata] …. A vicarious liability relationship … can create the requisite privity."); *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378, at *3 (5th Cir. June 5, 2023) (finding barred complaint naming only same or "vicariously liable" defendants as in resolved action); *Russell*, 962 F.2d at 1174 (noting "[s]everal circuits have

---

[3] Relators' repeated admissions that *Fisher* resolved any liability for Ocwen for the conduct through February 17, 2017, further confirm satisfaction of the above-described elements, leaving only the question of identity of defendants. *See, e.g.*, Dkt. 54, at 15 ("the Fisher case resolved alleged fraud by Ocwen that occurred [before February 17, 2017]").

5

considered whether a vicarious liability relationship constitutes sufficient privity to merit the application of claim preclusion" and collecting cases holding that preclusion applies); *McLemore v. Jacobs*, No. 4:21-CV-485, 2022 WL 4230548, at *5 (E.D. Tex. Aug. 14, 2022), *R&R adopted sub nom. McLemore v. Wal-Mart Stores Texas, LLC*, No. 4:21-CV-485, 2022 WL 4227225 (E.D. Tex. Sept. 13, 2022) (Mazzant, J.).[4]

The Court should reject any contention by Relators that their allegations of a principal-agent relationship are not adequate to satisfy this element: Either (1) the Trusts are the principals of Ocwen (as Relators allege), thus establishing the necessary identity/privity of parties for res judicata and summary judgment in favor of the Trust Defendants on the claims tied to conduct through February 17, 2017, or (2) Relators are conceding the Trusts are not the principals of Ocwen, and the Trust Defendants must be dismissed from the action because, without this allegation, Relators have asserted no claim against them. *See Arguello v. Conoco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000) ("[I]n order to impose liability on a defendant … for the … actions of a third party, the plaintiff must demonstrate that there is an agency relationship between the defendant and the third party.").

## **CONCLUSION**

For the reasons set forth above, the Trust Defendants respectfully request that this Court enter judgment for the Trust Defendants with respect to all claims in this action based on Ocwen conduct through February 17, 2017.

---

[4] Relying on out-of-circuit cases, Relators mistakenly have argued that the Trust Defendants could satisfy this element only if they showed contract privity by demonstrating that they were covered by the settlement agreement that resulted in dismissal of *Fisher*. *See* Dkt. 53, at 9–10. But the Fifth Circuit specifically has held "the existence of a settlement agreement is … irrelevant to the operation of claim preclusion" and found claims against agents, who were arguably not covered by a settlement agreement ending an earlier suit against the principal, were barred by res judicata to the same extent as claims against the principal. *Lubrizol Corp.*, 871 F.2d at 1289.

Dated: September 11, 2024

  /s/ *James A. Reeder, Jr.*

James A. Reeder, Jr.
  Texas Bar No. 16695010
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600

Michael P. Conway, *Pro Hac Vice*
  mcconway@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782.3939
Facsimile: (312) 782-8585
Howard F. Sidman, *Pro Hac Vice*
  hfsidman@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

**ATTORNEYS FOR WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF CERTAIN RESIDENTIAL MORTGAGE-BACKED SECURITIES TRUST DEFENDANTS**

Respectfully submitted,

  /s/ *Stephanie Barnes*

Stephanie Barnes
Texas Bar No. 24045696
  sbarnes@plunksmith.com
PLUNK SMITH, PLLC
2801 Network Boulevard, Suite 300
Frisco, TX 75034
Telephone: (972) 370-3333
Facsimile: (972) 294-5274

Douglas W. Baruch, *Pro Hac Vice*
  douglas.baruch@morganlewis.com
Jennifer M. Wollenberg, *Pro Hac Vice*
  jennifer.wollenberg@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Michael S. Kraut, *Pro Hac Vice*
  michael.kraut@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF CERTAIN RESIDENTIAL MORTGAGE-BACKED SECURITIES TRUST DEFENDANTS; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF CERTAIN RESIDENTIAL MORTGAGE-BACKED SECURITIES TRUST DEFENDANTS; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, ON BEHALF OF CERTAIN RESIDENTIAL MORTGAGE-BACKED SECURITIES TRUST DEFENDANTS; THE BANK OF NEW YORK MELLON, AS TRUSTEE, ON BEHALF OF CERTAIN RESIDENTIAL MORTGAGE-BACKED SECURITIES TRUST DEFENDANTS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 11th day of September 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

                                                             */s/ Stephanie Barnes*