IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**UNITED STATES OF AMERICA,**
ex rel. JEAN-MARC EICHNER, *et al.*,

    **Plaintiff,**

v.                                                                                    Case No. 4:19-CV-00524-ALM

**OCWEN LOAN SERVICING, LLC,**
*et al.*,

    **Defendants.**

_____

### NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America respectfully submits this notice of supplemental authority to inform the Court of the Fifth Circuit's recent decision in *United States ex rel. Vanderlan v. Jackson HMA, L.L.C.*, No. 24-60215 (5th Cir. April 18, 2025), attached hereto as **Exhibit A**. In that case, the district court granted the United States' motion to dismiss a relator's *qui tam* lawsuit under the False Claims Act ("FCA"), 31 U.S.C. § 3730(c)(2)(A), without conducting an evidentiary hearing. *Id.,* slip op. at 2. In affirming the district court's ruling, the Fifth Circuit made at least two holdings relevant to issues in this case.

*First,* the Court underscored the Government's broad discretion to dismiss *qui tam* actions, stating: "Under the [FCA], Congress deputized private individuals—relators—to aid in the fight against fraud. The government, however, retains the right to commandeer a relator's case and, if it so chooses, dismiss it." *Id.*, slip op. at 1–2; *see also id.*, slip op. at 12 ("Given that *qui tam* actions exist 'on behalf of and in the name of the [g]overnment' and allege injury solely to the government, the Court made clear that district courts 'should think several times over before denying' dismissal.") (quoting *United States ex rel. Polansky v. Executive Health Resources, Inc.*,

599 U.S. 419, 437–38 (2023)).

*Second,* the Court held that the requirement of a "hearing" in 31 U.S.C. § 3730(c)(2)(A) is satisfied by the Court's consideration of the parties' written briefs and does not require either a live hearing or an evidentiary hearing. *Id.*, slip op. at 9 ("subparagraph (c)(2)(A) only requires a hearing on the briefs").

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in its prior briefing, the United States respectfully requests that, finding the United States had good cause to intervene in part, the Court dismiss the *Fisher* Period Claims.

Dated: April 22, 2025                      Respectfully submitted,

MICHAEL G. GRANSTON
Deputy Assistant Attorney General

ABE MCGLOTHIN, Jr.
Acting United States Attorney
Eastern District of Texas

By:___/s/_Kelly E. Phipps__
JAMIE ANN YAVELBERG
SARA McLEAN
KELLY E. PHIPPS (DC Bar No. 1000687)
U.S. Department of Justice, Civil Division
175 N St., NE
Washington, DC 20002
(202) 353-1284
kelly.e.phipps@usdoj.gov

JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
(903) 590-1400
James.Gillingham@usdoj.gov
Texas State Bar # 2406529

*Attorneys for the United States*

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF to all parties, on this 22nd day of April, 2025.

/s/ Kelly E. Phipps
Kelly E. Phipps
Trial Attorney