**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEAN-MARC EICHNER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br><br>　　　　Defendants. | **PUBLIC VERSION**<br><br>Civil Action No. 4:19-cv-00524-ALM<br><br>**JURY TRIAL DEMANDED** |

### RELATORS' SUR-REPLY IN OPPOSITION TO OCWEN DEFENDANTS' MOTION FOR JOINDER IN THE TRUST DEFENDANTS' MOTION TO STRIKE EXPERT REPORT AND EXCLUDE PROPOSED TESTIMONY OF DAVID R. PAWLOWSKI

Relators Jean-Marc Eichner and Brandon Loyd ("Relators") file this sur-reply in opposition to Defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC's (collectively "Ocwen") Motion for Joinder (Dkt. 266) in the Trust Defendants' Motion to Strike Expert Report and Exclude Proposed Testimony of David R. Pawlowski (Dkt. 264) (the "Motion to Strike"). At the outset, by incorporating by reference the Motion to Strike and supplementing additional arguments, Ocwen impermissibly expands the Motion to Strike beyond the 15-page limit allotted by the Local Rules. *See* Dkt. 301 at 1 n.1; Local Rule CV-7(a)(2); *see also Saffran v. Boston Sci. Corp.*, No. 2-05-cv-547, 2008 WL 2716318, at *4 n.5 (E.D. Tex. July 9, 2008) (holding that a party incorporating by reference arguments into a motion "eviscerates the court's page limit restriction"). This alone is reason enough to deny Ocwen's Motion for Joinder.

But more importantly, Ocwen's argument is premised on the inaccurate assumption that Mr. Pawlowski **relied upon** the work performed by The Oakleaf Group, LLC ("Oakleaf") when,

in fact, he did not. Mr. Pawlowski's findings are based on his (and his company's) independent review and analysis of ***Ocwen's loan files*** — not on the work performed by Oakleaf. *See, e.g.*, Dkt. 301-2; Dkt. 301-3. Mr. Pawlowski explained both the limited manner ███████████ ██████ and the rationale underlying his decision to test for particular categories of regulations. *See, e.g.*, Dkt. 301-2 at 73:13–74:7 ████████████████████████████████ 77:10–14 █████████████████████████████████ 98:19–99:17 ███████ ████████████████████████████████ Dkt. 301-3 at 373:11–19 ████████ ████████████████████████████████████████████ ████████████████

In fact, Mr. Pawlowski testified that █████████████████████ ██████████████████████████████ ██████████████████████████████

*See* Dkt. 301-2 at 80:20-81:1 (emphasis added). Thus, the problems with Oakleaf's work product were eventually resolved by Mr. Pawlowski and his team. *See* Dkt. 301-2 (Pawlowski Dep. Tr., July 22, 2025) at 80:9-80:19 ██████████████████████████ ████████████████████████████████████████ ███████████████

Contrary to Ocwen's argument, there is simply no evidence that Mr. Pawlowski adopted any opinions of Oakleaf. Instead, ████████████████████████████████ ████████████████████████████████████████ ███████████ In that sense, Ocwen's disagreement concerns only the *inputs* that Mr. Pawlowski used for his review, rather than the methodology of the review itself. This issue goes only to the weight and credibility of Mr. Pawlowski's testimony, not its admissibility. *See United States ex rel.*

2

*Mitchell v. CIT Bank, N.A.*, No. 4:14-cv-00833, 2022 WL 1233651, at *5 (E.D. Tex. Apr. 26, 2022); *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-CV-00872, 2019 WL 5721814, at *15 (E.D. Tex. Nov. 5, 2019); *Wallis v. Hornbeck Offshore Operators*, C.A. No. 12-536, 2014 WL 3809743, at *1 (E.D. La. Aug. 1, 2014) ("[Q]uestions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact.").

Moreover, Mr. Pawlowski — not Oakleaf — determined which laws, rules, and regulations should be tested for Ocwen's compliance. Mr. Pawlowski's decision to test certain loans for a subset of those laws, rules, and regulations actually benefited Ocwen. *See* Dkt. 301-3 (Pawlowski Tr., Aug. 19, 2025) at 407:15–23 ███████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████ It certainly does not undermine his methodology. At most it goes to the weight that the jury should assign his testimony.[1] *See United States ex rel. Mitchell v. CIT Bank, N.A.*, No. 4:14-cv-00833, 2022 WL 1226968, *5–6 (E.D. Tex. Apr. 26, 2022) (finding that defendant's disagreement with expert's methodology, including an expert's alleged failure to consider alternate explanations for the defendant's conduct, did not warrant exclusion of the expert's testimony).

For the foregoing reasons, Relators respectfully request that the Court deny Ocwen's request for joinder.

---

[1] *Santos v. Great Am. Ins. Co.*, No. 5:19-cv-83, 2021 WL 8945347, at *5 (S.D. Tex. Dec. 6, 2021), is inapposite because, unlike the expert in that case, Mr. Pawlowski did not rely upon another expert's opinions to determine the appropriate tests to apply in his analysis. Moreover, the Court in *Santos* did not prohibit the expert from relying on the other expert's opinion — it expressly permitted it. *See id.* Likewise, *Ervin v. Kroger*, No. 4:14-cv-262, 2015 WL 11089475, at *3–4 (E.D. Tex. June 3, 2015), demonstrates that the issues raised by Ocwen are not bases to exclude Mr. Pawlowski's testimony. At best, they identify alleged deficiencies that should be explored during cross-examination, opening and closing arguments, and the presentation of contrary evidence.

Dated: September 19, 2025

Roger D. Sanders
Texas Bar No. 17604700
LAW OFFICES OF ROGER SANDERS
300 N. Travis Street
Sherman, Texas 75090
Tel: (903) 892-9133
Fax: (903) 892-4302
roger.sanders@somlaw.net

Respectfully submitted,

*/s/ Jeffrey R. Bragalone*

Jeffrey R. Bragalone
Texas Bar No. 02855775
Daniel F. Olejko
Texas Bar No. 24108897
Mark M.R. Douglass
Texas Bar No. 24131184
Abby D. Merrill
Texas Bar No. 24130865
BRAGALONE OLEJKO SAAD PC
901 Main St., Ste. 3800
Dallas, TX 75202
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bosfirm.com
dolejko@bosfirm.com
mdouglass@bosfirm.com
amerrill@bosfirm.com

***Counsel for Relator/Qui Tam Relators Jean-Marc Eichner and Brandon Loyd***

4

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Court's Amended Protective Order (Dkt. 117), as amended and/or supplemented, in compliance with Local Rule CV 5(a)(7)(B).

_/s/ Jeffrey R. Bragalone_
Jeffrey R. Bragalone

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all counsel of record were served with a true and correct copy of the foregoing by email on September 19, 2025.

_/s/ Jeffrey R. Bragalone_
Jeffrey R. Bragalone