# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEAN-MARC EICHNER, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br><br>　　Defendants. | PUBLIC VERSION<br><br>Civil Action No. 4:19-cv-00524-ALM |

**RELATORS' REPLY TO OCWEN'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND AND SUPPLEMENT
THE AMENDED COMPLAINT**

## I.   INTRODUCTION

Like the Trust Defendants, Ocwen fails to demonstrate that the proposed amendments would result in any specific prejudice or require a continuance. Relators' proposed amendments are important and not futile because they rebut arguments made in Ocwen's motions for summary judgment and make clear that Ocwen continued its alleged misconduct after the date of Relators' original complaint. Relators have also sufficiently explained their reasons for not filing their motion for leave earlier. Accordingly, the Court should grant leave to amend.

## II.   ARGUMENTS AND AUTHORITIES

### A.  Relators' Proposed Amendments Are Important.

Relators' proposed corrections to the dates in the Certificate of Service and Disclosure attached to the complaint are important because they directly rebut Ocwen's factually inaccurate argument in its Motion for Partial Summary Judgment that the government had full knowledge of Mr. Eichner's allegations at the time he executed the separation agreement.[1] *See* Dkt. 321 at 6–11; *see also United States ex rel. Mitchell v. CIT Bank, N.A.*, No. 4:14-CV-00833, 2022 WL 213863, at *4 (E.D. Tex. Jan. 24, 2022). The new allegations concerning Mr. Loyd's post-Ocwen work are also important because, as explained in Relators' response to Ocwen's summary judgment motion, they show that Mr. Loyd's personal knowledge is not limited to his time at Ocwen and support his status as an original source of Relators' post-February 2017 allegations. *See* Dkt. 345 at 20–22.

Relators' new allegations concerning Ocwen's RWG ███████ Reports are not merely important; they are critical. The RWG ██████ Reports contain some of the most damning evidence against Ocwen. As Mr. Eichner exposed, the information that Ocwen concealed from the CFPB in the RWG ██████ Reports is *not* legal advice. *See* Dkt. 345 ¶¶ 6–8. The redacted versions of the

---

[1] The fact that Relators previously argued that Mr. Eichner's prior disclosure weighed against dismissal is irrelevant. *See* Dkt. 327 at 11. That argument was premised on incorrect facts.

RWG ███ Reports concealed critical facts related to its violations, including the financial impact to borrowers, the number of loans impacted by the problem, and the decisions of the RWG regarding remediation. *See id.* ¶ 8. The significance of Relators' allegations related to the unredacted RWG ███ Reports — which had previously been intentionally withheld by Ocwen under a meritless claim of privilege — cannot be overstated. They show that Ocwen prevented the CFPB from understanding Ocwen's misconduct, rendering both the public disclosure bar and the government action bar inapplicable, support Mr. Eichner's claim as an original source, establish that Ocwen should have disclosed as part of its annual certifications the serious failures discussed in the RWG ███ Reports, demonstrate the materiality of the servicing failures discussed in the RWG ███ Reports, and show Ocwen's knowledge and state of mind after February 17, 2017. *See id.* at 16–19, 21–24, 26–30. Ocwen cannot conceal this damning evidence under a specious claim of privilege, withdraw the unfounded privilege claim, and then complain when Relators seek to add the withheld evidence to their complaint via a subsequent amendment.

Relators' supplemental allegations are also important because they demonstrate that Ocwen continued to violate the laws, rules, regulations, and guidelines related to mortgage servicing after the date of the original complaint, and that Ocwen continued submitting false claims for payment and making false annual certifications after that date.[2] Supplementation under Rule 15(d) is entirely appropriate in these circumstances.[3] *See* Dkt. 267 at 9.

### B. Relators Sufficiently Explained Why They Did Not Earlier Move for Leave to Amend.

Relators adequately explained the timing of their motion for leave to amend. With respect

---

[2] Absent supplementation, Ocwen may argue that Relators should be precluded from arguing at trial that Ocwen made any false certifications after the date of the original complaint.

[3] Ocwen suggests that Relators must be original sources of their supplemental allegations. This is a red herring. Ocwen fails to show that there was any prior public disclosure of Relators' supplemental allegations regarding Ocwen's post-complaint conduct. *See* Dkt. 327 at 15.

to Relators' proposed correction of the dates in the certification, Ocwen ignores the critical fact that Mr. Eichner does not have personal knowledge of the dates that his former counsel, Samuel Boyd, submitted disclosures on his behalf to the government. *See* Dkt. 321-12 ¶ 5. Mr. Eichner's assertions in his June 24, 2022 declaration, as well as his discovery responses and deposition answers in this case, that he served disclosures on the government in February and April 2019 were based solely on the incorrect certification.[4] *See id.* While Mr. Eichner subsequently deduced that the February 2019 date in the certification was incorrect, and testified to the inaccuracy of that date during his July 8, 2025 deposition, he had no way of knowing that the April 22, 2019 date was also incorrect because Mr. Boyd had exclusive control over that information.[5] *See* Dkt. 262-3 at 65:21–66:13. Nevertheless, once Mr. Eichner discovered that the April 2019 date was incorrect, Relators promptly informed Ocwen of this fact through service of the proposed amended complaint on July 18, 2025. *See* Dkt. 267-1 ¶ 21. Mr. Eichner should not be penalized for an error made by his former counsel, especially when Ocwen is attempting to use that error to obtain dismissal of Mr. Eichner from this lawsuit.

Contrary to Ocwen's suggestion, the amendments related to Mr. Loyd's post-Ocwen employment were not necessitated only by his deposition testimony. *See* Dkt. 327 at 12. The facts related to Mr. Loyd's post-Ocwen employment became critically important only after the Court granted the government's motion to dismiss Relators' pre-*Fisher* claims on May 2, 2025.[6] *See,*

---

[4] Indeed, Mr. Eichner's interrogatory responses specifically reference the certification to the complaint. *See* Dkt. 262-4 at 5.

[5] The arguments made in Relators' opposition to Ocwen's motion to dismiss were also premised on the inaccurate certification in the complaint. *See* Dkt. 54 at 12 (citing Dkt. 1 at 125).

[6] While Defendants filed earlier motions to dismiss based on the *Fisher* case, their arguments were not directed to only the *Fisher*-period claims. On the contrary, the Trust Defendants moved to dismiss the entirety of this case. *See* Dkt. 40 at 19–38; Dkt. 48 at 13–41. And, the Court obviously did not dismiss Relators' *Fisher*-period claims at that time. *See* Dkt. 48 at 9–10.

3

*e.g.*, Dkt. 267 at 8. Following the Court's dismissal of those claims, and Mr. Loyd's July 10, 2025 testimony regarding his post-Ocwen employment, Relators promptly informed Defendants merely a week later that they intended to make these amendments. *See* Dkt. 267-1 ¶ 21.

With respect to Relators' proposed amended allegations concerning Ocwen's Remediation Working Group ("RWG"), Ocwen focuses only on the fact that Mr. Eichner was part of the RWG during his time at Ocwen and that he had possession of certain RWG ███████ Reports when he left Ocwen. *See* Dkt. 327 at 14. But Mr. Eichner did not realize that he had the RWG ██████ Reports until January 11–12, 2025. *See* Dkt. 321-14 ¶ 8. While Ocwen posits that Mr. Eichner's testimony is "not credible," it cites no evidence to the contrary, despite having the opportunity to depose Mr. Eichner at length concerning his discovery. *See* Dkt. 327 at 14. In addition, as the Court will recall, Ocwen attempted to "claw back" Mr. Eichner's RWG ██████Reports on the basis of privilege, citing as support the district court's decision in *CFPB v. Ocwen*, No. 9:17-CV-80495, 2019 WL 1119788 (S.D. Fla. Mar. 12, 2019). *See* Dkt. 205 at 1–15. This dispute was not resolved until April 25, 2025, and Relators did not have an opportunity to complete discovery regarding the RWG ██████ Reports until August 7, 2025, just a few weeks before Relators filed their motion for leave to amend. *See generally* Dkt. 226; Dkt. 267-4.

Even if the above circumstances did not justify Relators' filing the motion for leave to amend, the fact remains that Relators had other good reasons for seeking leave to amend in August 2025. Relators' expert determined in his June 30, 2025 expert report that ████████████ ██████████████████████████. *See* Dkt. 267 at 14–15. Further, Relators did not receive the correct listings of Trust Defendants until August 5, 2025, less than one month before Relators sought leave. *See* Dkt. 267-1 ¶¶ 15–16. It would have been grossly inefficient and impractical for Relators to move to leave to amend earlier when Relators knew that they were awaiting additional

4

information from the Trust Defendants that would require amending the complaint.

**C. The Proposed Amendments Do Not Prejudice Ocwen; No Continuance Is Necessary.**

Ocwen suggests that it would be prejudiced by the amendments because it needs additional discovery. *See* Dkt. 327 at 9–10, 12–13. But Relators' amended allegations simply add factual specificity to already existing claims, and Ocwen identifies no particular discovery that needs to be taken as a result of the proposed amendments (other than discovery that the Court has already rejected). *See Mitchell*, 2022 WL 213863, at *4–5. Ocwen also fails to request a continuance. *See id.* Further, Ocwen had a full opportunity to depose Mr. Loyd regarding his post-Ocwen employment. *See generally* Dkt. 327-2. Ocwen claims that it is prejudiced because the dispositive motion deadline has passed; but Ocwen knew of the facts related to Relators' proposed amendments before it filed its summary judgment motions. *See* Dkt. 267-1 ¶ 21. Ocwen should not benefit from having rushed to file its motion for partial summary judgment before the deadline, especially considering that Ocwen sought an extension of that deadline *before* filing its motion and did not mention any issue related to Relators' proposed amendments. *See* Dkt. 253 at 1–3.

**D. The Rule 15(a) Factors Weigh in Favor of Granting Leave to Amend.**

The Rule 15(a) factors weigh in favor of granting leave to amend for the same reasons. The presumption in favor of granting leave also weighs in Relators' favor. *See* 2022 WL 213863, at *6.

**E. Relators' Proposed Amendments Are Not Futile.**

Relators' new allegations are not futile for the same reasons they are important. Relators are original sources, and their claims are not precluded by the public disclosure or government action bars. *See* Dkt. 345 at 15–24.

**III. CONCLUSION**

For these reasons, the Court should grant leave to file the proposed amended complaint.

Dated: October 2, 2025                        Respectfully submitted,

        /s/ Jeffrey R. Bragalone

Roger D. Sanders                              Jeffrey R. Bragalone
Texas Bar No. 17604700                        Texas Bar No. 02855775
LAW OFFICES OF ROGER SANDERS                  Daniel F. Olejko
111 South Travis Street                       Texas Bar No. 24108897
Sherman, Texas 75090                          Mark M.R. Douglass
Tel: (903) 892-9133                           Texas Bar No. 24131184
Fax: (903) 892-4302                           Abby D. Merrill
roger.sanders@somlaw.net                      Texas Bar No. 24130865
                                              BRAGALONE OLEJKO SAAD PC
                                              901 Main St., Ste. 3800
                                              Dallas, TX 75202
                                              Tel: (214) 785-6670
                                              Fax: (214) 785-6680
                                              jbragalone@bosfirm.com
                                              dolejko@bosfirm.com
                                              mdouglass@bosfirm.com
                                              amerrill@bosfirm.com

                                              **_Counsel for Relators/Qui Tam Relators_**
                                              **_Jean-Marc Eichner and Brandon Loyd_**

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Court's Amended Protective Order (Dkt. 117), as amended and/or supplemented, in compliance with Local Rule CV 5(a)(7)(B).

        /s/ Jeffrey R. Bragalone
        Jeffrey R. Bragalone

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all counsel of record were served with a true and correct copy of the foregoing by email on October 2, 2025.

 */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone